# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JASON LATHEM,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**EVOLVE BANK & TRUST,** an Arkansas registered bank,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Jason Lathem ("Lathem" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Evolve Bank & Trust ("Evolve" or "Defendant") to stop Defendant from violating the Telephone Consumer Protection Act by making unsolicited calls to consumers, including to consumers registered on the National Do Not Call registry ("DNC") and to other consumers that have specifically asked for the calls to stop, and to obtain monetary relief for all persons injured by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.       Plaintiff Lathem is an Ashville, Ohio resident.

2.       Defendant Evolve is an Arkansas chartered bank headquartered in Memphis, Tennessee. Evolve conducts business throughout this District, the State of Ohio, and throughout the United States.

## JURISDICTION AND VENUE

3.       This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.       This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant called Plaintiff to solicit him for his business in this District and, on information and belief, directed the calls from the office it maintains in this District.

## INTRODUCTION

5.       When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

6.       The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

7.       Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

8.      According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id.*

9.      The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

## INTRODUCTION TO EVOLVE

10.     Defendant Evolve is a bank.

11.     In order to solicit business from new consumers, Defendant relies on direct solicitations to consumers, including making telemarketing calls to consumers that have their phone numbers registered on the DNC.

12.     Evolve uses cold calling tactics to solicit business.

13.     One former loan officer stated in her review of Defendant that she "Cold called leads and made sales" as part of her work with Evolve.

14.     One current Evolve loan officer lists "cold calling" as one of his skills on LinkedIn.[1]

15.     One customer wrote online: "We were thinking of refinancing our house and thought we would get to it in a few weeks, lo and behold unsolicited Gesner [Evolve Bank agent] cold call one late evening."[2]

16.     Consumers have also complained about Evolve failing to honor requests that the calls stop. One customer wrote: "I have received several calls from (Evolve Bank and Trust). I

---

[1] https://www.linkedin.com/in/luke-poole-577bb8196/
[2] https://socialsurvey.me/pages/office/evolve-bank-trust/miami/5d8c0d06e4b07ace1e9cdb9f

have told them several times I am not interested in their product and please stop calling me. I have never given consent to call my mobile phone."[3]

17.     In Plaintiff's case, Defendant made multiple unsolicited calls to his residential landline phone, despite Plaintiff having his phone number registered with the DNC to prevent such calls and despite Plaintiff's request for the calls to stop during the first call.

18.     In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant Evolve to cease placing unsolicited calls to consumers' residential telephone numbers without consent and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF LATHEM'S ALLEGATIONS

**Evolve Agents Called Plaintiff's Landline Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering His Phone Number on the DNC**

19.     On June 7, 2005, Plaintiff Lathem registered his landline telephone number on the DNC in order to avoid receiving unwanted calls.

20.     Plaintiff Lathem uses his landline phone for personal use only. The phone number is not associated with a business.

21.     On January 17, 2020, Lathem received a phone call from Defendant Evolve using the phone number 855-606-5626.

22.     The agent identified the company as being the "VA Department" and said his name was Wes. The purpose for the call was to offer Plaintiff a VA loan. Plaintiff acted like he was interested in order to determine who was calling him and asked for the agent's contact information. The agent said he could be reached at extension 117 when 855-606-5626 is called back, and also provided the direct phone number of 248-320-9162.

_____

[3] https://www.revdex.com/reviews/evolve-bank-trust/598985

23.     When the agent asked why Plaintiff needed all of his contact information, Plaintiff Lathem explained that the call was unsolicited and he was gathering the information in order to report the call.

24.     The agent named Wes was Wesam Murad, an Evolve Loan Officer Assistant who is identified on Evolve's website as having 855-606-5626 as his office phone number.[4]

25.     Despite the Plaintiff making it clear that he did not want any more calls and that he was not looking for a VA loan, Plaintiff received a second unsolicited call on January 31, 2020 at 4:42 PM from an Evolve Loan Officer Dwight Hudson using the phone number 313-784-3323.[5]

26.     Hudson explained that he was calling to offer Plaintiff a VA loan. Plaintiff told the Evolve agent that he was not looking for a VA loan and specifically asked for the calls to stop.

27.     Despite his specific request for the calls to stop, Plaintiff received two subsequent calls from Defendant Evolve.

28.     On February 3, 2020 at 11:34 AM, Plaintiff received a call from an Evolve agent who identified himself as being Ryan Daniels. No phone number was displayed on Plaintiff's phone for this call.

29.     On February 6, 2020 at 8:57 PM, Plaintiff received a call from an Evolve agent named Joe using phone number 855-606-5626.

30.     On February 25, 2020 at 8:25 PM, Plaintiff received a call from an Evolve agent named Chris using phone number 855-606-5626.

---

[4] https://www.getevolved.com/mortgage/officers/wesam-murad/
[5] https://www.getevolved.com/mortgage/officers/dwight-hudson/

31.     Plaintiff stayed on the phone with Chris in order to confirm again that the call was from Defendant. When Plaintiff made it clear he was collecting information, Chris hung up the phone.

32.     Plaintiff does not have a relationship with Evolve, or any of Evolve's affiliated companies, nor has he ever requested that Evolve call him or consented to any contact from Defendant.

33.     Simply put, Evolve did not obtain Plaintiff's consent to place solicitation telephone calls to him on his residential phone number.

34.     The unauthorized telephone calls made by Evolve, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Lathem's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

35.     Seeking redress for these injuries, Lathem, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

36.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on their residential cellular or landline number, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5)

6

for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

**Internal Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on their residential cellular or landline number, (2) within any 12-month period, (3) for the purpose of selling Defendant's products and services.

37.　　The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

38.　　**Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

39.　　**Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether Evolve systematically made multiple telephone calls to Plaintiff other and consumers whose telephone numbers were registered with the DNC;
>
> (b) whether Evolve made calls to Plaintiff and other consumers without first obtaining prior express written consent to make the calls;

7

(c) whether Evolve implemented adequate policies and procedures for maintaining an internal do not call list prior to its calls to Plaintiff and other consumers;

(d) whether Evolve's conduct constitutes a violation of the TCPA;

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

41. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

8

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lathem and the Do Not Call Registry Class)**

42.     Plaintiff repeats and realleges the paragraphs 1 through 41 of this Complaint and incorporates them by reference herein.

43.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

45.     Defendant Evolve violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lathem and the Internal Do Not Call Class)**

48.     Plaintiff Lathem repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference herein.

49.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the

10

person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

42.    Defendant Evolve made marketing calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

50.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

51.    Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

11

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b)  An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c)  An order declaring that Defendant's actions violated the TCPA;

d)  An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e)  Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**JASON LATHEM**, individually and on behalf of those similarly situated individuals

Dated: March 17, 2020

*/s/ Brian Giles*
Brian Giles
The Law Offices of Brian T. Giles LLC
1470 Apple Hill Rd., Cincinnati, Ohio 45230
Telephone: (513) 379-2715
Brian@GilesFirm.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice Motion forthcoming*

12